# BENJAMIN F. FISH *v.* JOHN H. REDINGTON *et als.*

DENIAL OF ALLEGATIONS CONJUNCTIVELY STATED.—If several material facts are stated conjunctively in a verified complaint, an answer which undertakes to deny these averments as a whole, as conjunctively stated, is evasive, and an admission of the allegations thus attempted to be denied.

SPECIFIC DENIALS IN ANSWER.—An answer to a verified complaint which undertakes to deny material allegations, should contain a specific denial to each allegation controverted.

AMENDMENT OF ANSWER WHEN IT HAS FAILED TO DENY.—Upon the trial, every material allegation of the complaint not specifically controverted is to be taken as true;

24

but if the defendant supposed he had denied material allegations, and the Court sustained his view of the answer, the appellate Court, when it reverses the judgment, may allow the Court below to exercise its discretion in permitting the answer to be amended.

APPEAL from the District Court, Twelfth Judicial District, City and County of San Francisco.

The facts are stated in the opinion of the Court.

*Theodore H. Hittell*, for Appellant, argued that on the pleadings appellant was entitled to a judgment, because the material allegations of the complaint were met by a conjunctive form of denial which did not raise an issue on the substantive matters averred ; and cited *Caulfield* v. *Sanders*, 17 Cal. 123 ; and *Landers* v. *Bolton*, 26 Cal. 417.

*Byrne & Freelon*, for Respondent, argued that the answer admitted that Fish had the prior manufacture and use of the liquid, but denied that he had given it a name by which it had become known in the market, or had created a trade mark which had value, and that this was the material point in issue and tried.

By the Court, CURREY, C. J. :

This action was commenced in the District Court of the Twelfth Judicial District, in and for the City and County of San Francisco, in July, 1862, against the defendants, composing the firm of Redington & Co., to restrain them from preparing and offering for sale and selling an article manufactured by them in imitation of an article alleged by the plaintiff to have been invented and composed by him, bearing the name of "Fish's Infallible Hair Restorative," and from preparing and offering for sale and selling any article bearing that name; and also to restrain them from counterfeiting and simulating his trade marks, etc. And further, the plaintiff sought to obtain a decree requiring the defendants to account for the profit by them realized from sales of the imitated or genuine article, and a judgment for damages on account of the wrongs

and injuries which he alleged he had sustained by the infringement of his right by the defendant.

The defendants appeared and answered, after which the cause was submitted to a referee, duly appointed, who heard the evidence and reported a judgment in defendants' favor. The plaintiff moved for a new trial, which being denied, he appealed from both the judgment and order overruling the motion for a new trial. The only question open to review arises upon the pleadings in the case, upon which the plaintiff moved for judgment at the opening of the trial, and upon which he has maintained throughout to be entitled to judgment. The pleadings were verified. The stating part of the complaint reads as follows :

" And plaintiff further shows that heretofore, to wit : in the year 1855, at said city and county, he, the plaintiff, invented, manufactured and made an article for the restoring and strengthening of the human hair, to be used upon the head and hair, and gave it the name by which it was and is known, of ' Fish's Infallible Hair Restorative.' And plaintiff further shows that he is now, and for a long time has been, and at the time of and before the committing of the grievances hereinafter mentioned, was the manufacturer of said article, which he has for a long time offered for sale and sold in glass bottles labelled with his own proper labels, devices and trade marks, and in wrappers or circulars, all of which were composed, invented and adopted by this plaintiff for that purpose, specimens or copies of which labels, devices and trade marks and wrappers or circulars, are hereto annexed, and form part of this complaint marked Exhibit ' A ' and Exhibit ' B '—the first being a copy of the label and the second a copy of the wrapper or circular. And plaintiff further shows, that by reason of his knowledge and long experience and great care in his said business of manufacturing and making, and the good and useful quality of the said article, the same became and was, at and before the time of the grievances hereinafter mentioned, widely known in the community as a valuable and useful arti- ·

cle, and acquired a high reputation as such, and commanded, and still commands, as a valuable and useful article, an extensive sale at the said City and County of San Francisco, and throughout the said State of California, which is and for the last five years has been a source of great profit to the plaintiff.

"And plaintiff further shows, that said article is known to the public, and to the buyers and consumers thereof, by the name of 'Fish's Infallible Hair Restorative,' and by this plaintiff's own proper devices, trade marks, labels and wrappers or circulars.

"And plaintiff further shows that, notwithstanding the long and quiet use and enjoyment by this plaintiff of said name, devices, trade marks, labels and wrappers or circulars, the defendants, well knowing the premises, but wilfully, wrongfully and unlawfully disregarding the rights of this plaintiff therein, thereafter, to wit: on or about the month of March, in the year 1860, wilfully, wrongfully, unlawfully and fraudulently, prepared and offered for sale, and sold, and always have and do still and now offer for sale, and sell, at the said city and county, and elsewhere throughout said State of California, an article in imitation of the plaintiff's article, which, with intent to deceive and defraud the public, and the buyers and consumers thereof, and to injure and defraud this plaintiff, they have put up, or caused to be put up, in similar packages, to wit: in glass bottles, labelled with nearly similar labels, devices, trade marks, and with nearly similar wrappers or circulars, of which false and nearly similar labels, devices, trade marks and wrappers or circulars, specimens or copies are hereto annexed and made part of this complaint, marked Exhibit 'C' and Exhibit 'D'—the first being a copy of the spurious label, and the second a copy of the spurious wrapper or circular.

"And plaintiff further shows that said last mentioned and nearly similar labels, devices, trade marks and wrappers or circulars, are fraudulent, counterfeit and spurious imitations of the plaintiff's labels, devices, trade marks, and wrappers or circulars, and that the defendants have, and at all times when

selling or preparing any of said imitations of said article, have had full knowledge, and are and have been advised and informed that the said imitated labels, devices, trade marks, and wrappers or circulars are and have been pirated or simulated, and fraudulent counterfeits of the labels, devices, trade marks, wrappers and circulars invented, composed and adopted by this plaintiff, as aforesaid; all of which will more fully appear by reference to the exhibits hereto annexed and hereinbefore referred to.

" And plaintiff further shows that said imitations and counterfeits are calculated to deceive the purchasers and consumers of plaintiff's said article, and the public in general, and actually have misled, and do still mislead many of them to buy and purchase the articles offered for sale and sold by the defendants, in the belief that it is the article manufactured by this plaintiff, greatly to the diminution and damage of the business and profits of this plaintiff.

" And the plaintiff further shows that the article so prepared and put up and sold by the defendants in imitation of the plaintiff's article is of a greatly inferior article, and that, by reason of the premises, the general esteem and reputation of the said article manufactured by the plaintiff has been injured greatly, to the diminution and damage of the business and profit of this plaintiff.

" And plaintiff further shows that the defendants for a long time past have caused, and do still cause, an advertisement, a copy of which is hereto annexed and made part of this complaint, marked Exhibit ' E,' to be published in the ' Daily Herald and Mirror,' and various other newspapers published in said City and County of San Francisco, and like advertisements in many other newspapers throughout the State of California; all of which actings, doings, advertisings and publications, are contrary to equity, and greatly injure and damage said plaintiff.

" And plaintiff further shows that the defendants have shipped, and do still ship, large quantities of said imitation, so prepared and put up by them to be carried and offered for sale,

and sold out of this State, to the great diminution and damage of the business and profits of this plaintiff.

"And plaintiff further shows that although, before the commencement of this action, the plaintiff repeatedly requested the defendants to desist from preparing, making, putting up, offering for sale, and selling said imitation, and from simulating, counterfeiting, imitating, and infringing the pláintiff's labels, devices, trade marks, and wrappers or circulars, and from publishing, or causing to be published, in the newspapers of this State, or any of them, the advertisement hereinbefore referred to or any similar one, and from shipping any of said imitation, and carrying and offering the same for sale, and selling the same out of this State; yet the defendants have heretofore refused, and do still refuse, so to do, but threaten to continue to do as they have heretofore done, and as they are hereinbefore alleged to have done.

"And the plaintiff further shows that, by reason of the premises, he has been injured and sustained damage to the amount of ten thousand dollars.

"And plaintiff further shows that he is without any adequate remedy at law for the grievances, wrongs, injuries and frauds so practiced upon him by the defendants as aforesaid, and is entirely remediless, without the equitable interposition of the Courts."

The defendants' answer reads as follows:

"Now comes the said defendants, by ———, their attorneys, and for answer to the complaint in said case made say: They deny that in the year 1855, or at any other time, at said city and county, or elsewhere, the plaintiff invented, manufactured and made an article for the restoring and strengthening of the human hair, to be used upon the head and hair, and gave it the name by which it was and is known, of 'Fish's Infallible Hair Restorative.'

"They deny that the plaintiff is now, and for a long time has been, and at the time of and before the alleged com-

mitting of the alleged grievance in the said complaint mentioned, was the manufacturer of said article, which he has for a long time offered for sale and sold, in glass bottles, labelled with his own proper labels, devices and trade marks, and in wrappers or circulars, all of which were composed, invented and adopted by the plaintiff for that purpose.

"They deny that the specimens or copies of said alleged labels, devices and trade marks, and wrappers or circulars, annexed to said complaint and marked respectively, 'Exhibit A' and 'Exhibit B,' are specimens or copies of plaintiff's labels, devices, trade marks, wrappers or circulars, or of any of them.

"They deny that, by reason of plaintiff's knowledge, and long experience, and great care, in his said business of manufacturing and making, and the good and useful quality of said article, the same became and was, at and before the time of the grievances in said complaint alleged, widely known in the community as a valuable and useful article, and acquired a high reputation as such, and commanded and still commands, as a valuable and useful article, an extensive sale at the said City and County of San Francisco and throughout the State of California, which is and for the last five years has been a source of great profit to the plaintiff. They deny that the said article is known to the public by plaintiff's own proper devices, trade marks, labels, and wrappers or circulars.

"They deny that plaintiff had the long and quiet use and enjoyment of said name, devices, trade marks, labels, and wrappers or circulars.

"They deny that notwithstanding said alleged long and quiet use and enjoyment, defendants, well knowing the premises, but wilfully, wrongfully and unlawfully disregarding the rights of the plaintiff therein, thereafter, to wit: on or about the month of March, in the year 1860, wilfully, wrongfully, unlawfully and fraudulently prepared and offered for sale, and sold, and always since have, and do still and now offer for sale, and do sell at the said city and county and elsewhere throughout said State of California, an article in imitation of the plain-

tiff's article, which, with intent to deceive and defraud the plaintiff, they have put up, or caused to be put up in similar packages, to wit, in glass bottles, labelled with nearly similar labels, devices and trade marks, and with nearly similar wrappers or circulars, copies of which are annexed to said complaint, and marked respectively, 'Exhibit C,' and 'Exhibit D;' and they deny that either ' Exhibit C ' or ' Exhibit D ' is spurious. They deny that said last mentioned and alleged nearly similar labels, devices, trade marks and labels, and wrappers or circulars are fraudulent, counterfeit and spurious imitations of the plaintiff's labels, devices, trade marks and wrappers or circulars, or of any of them, or are imitations, and or that the defendants have, and at all times when selling or preparing any of said alleged imitations of said article, have had full knowledge, and are and have been advised and informed that the said alleged imitated labels, devices, trade marks, and wrappers or circulars, are and have been pirated and simulated, and fraudulent counterfeits of the labels, devices, trade marks, and wrappers or circulars, invented, composed and adopted by plaintiff, as aforesaid, in said complaint alleged. And defendants say, that if any such advice or information was ever given them by anybody, that it is false.

" Defendants deny that said alleged imitations and counterfeits are calculated to deceive the purchasers and consumers of plaintiff's said article and the public in general, and actually have misled, and still do mislead, many of them to buy and purchase the article offered for sale and sold by the defendants, in the belief that it is the article manufactured by the plaintiff, greatly to the diminution and damage of the business and profits of the plaintiff.

" And defendants deny that the article alleged to be so prepared, put up and sold by them, in imitation of the plaintiff's article, is of greatly inferior quality, and that by reason of the premises the general esteem and reputation of the said article manufactured by the plaintiff has been injured, greatly to the diminution and damage of the business and profits of the plaintiff.

" They deny that they have for a long time past caused, and do still cause, an advertisement, a copy of which is annexed to said complaint, marked 'Exhibit E,' to ·be published in the 'Daily Herald and Mirror,' and various other newspapers published in said City and County of San Francisco, and like advertisements in many other newspapers throughout the State of California, or in any of them, all or any of which actings, doings, advertisements and publications are contrary to equity and greatly injure and damage said plaintiff. They admit that they have caused said 'Exhibit E' to be published, and aver that, by reason of the matters and things hereinafter to be stated, they had a right so to do.

" They deny that they have shipped, and still do ship, large quantities of said imitation so alleged to be prepared and put up by them, to be carried and offered for sale and sold out of this State, to the great diminution and damage of the business and profits of the plaintiff.

" Defendants deny that, although before the commencement of this action plaintiff repeatedly requested the defendants to desist from preparing, making, putting up, offering for sale and selling said alleged imitation, and from simulating, counterfeiting, and infringing the plaintiff's labels, devices, trade marks, wrappers or circulars, and from publishing or causing to be published in the newspapers of this State, or any of them, the advertisements in said complaint referred to, or any similar one, and from shipping any of said alleged imitations, ·and conveying and offering the same for sale, and selling the same out of this State; yet the defendants have hitherto refused, and still refuse, so to do, but threaten to continue to do as they have heretofore done, and as they are hereinbefore in said complaint alleged to have done.

" And defendants deny that, by reason of the premises, plaintiff has been injured and sustained damage to the amount of $10,000 or to any other amount.

" They deny that plaintiff is without any adequate remedy at law, for the grievances, wrongs, injuries and fraud practiced

upon plaintiff by defendants.  And they say they have prac-
ticed no grievance, wrong, injury or fraud upon the plaintiff.

"And for a further and separate answer defendants say
that they have no interest in the article known as 'Fish's
Infallible Hair Resorative,' except as commission merchants.

"They further say, on information and belief, which infor-
mation they believe to be true, and so charge the fact to be .
that one N. Mills, heretofore, to wit, in the year 1857, at said
city and county, composed, invented, created, made, estab-
lished and adopted said labels, trade marks, devices, wrappers
and circulars, and that they belonged to him, and that he had
the right to use, or assign, or sell the same, and to make, use,
or sell, or assign said 'Fish's Infallible Hair Restorative.'
And they aver that whatever connection they have had with
said trade marks, labels, devices, wrappers, or circulars, or
said 'Fish's Infallible Hair Restorative,' has been under due
and legal authority from, by, or under said Mills, and in no
other way or manner.

"Wherefore they pray judgment in their favor and for costs
of suit."

The material facts of the complaint stated conjunctively,
except the allegation that by reason of the premises the plain-
tiff has been injured and sustained damage in the sum of ten
thousand dollars, are undertaken to be answered by the
defendants denying them as a whole, as conjunctively stated,
as will be seen by placing any one aggregated statement of
facts in the complaint in juxtaposition with the answer made
thereto.   This mode of answering is in violation of the princi-
ples of common law pleading, and not less so of the statute
which provides that the defendants' answer to a verified com-
plaint shall contain a specific denial to each allegation of the
complaint controverted, or a denial thereof according to the
defendant's information and belief.   Those interested and who
have any doubt on the subject will find the following authori-
ties worthy of careful examination : *Blankman* v. *Vallejo*, 15
Cal. 638; *Kuhland* v. *Sedgwick*, 17 Cal. 123; *Caulfield* v.

*Sanders,* 17 Cal. 569 ; *Brown* v. *Scott,* 25 Cal. 195 ; *Landers*
v. *Bolton,* 26 Cal. 417 ; *Busenius* v. *Coffee,* 14 Cal. 91 ; *Hens-
ley* v. *Tartar,* 14 Cal. 508 ; *Hopkins* v. *Everett,* 6 How. Pr. R.
159 ; *Salinger* v. *Luck,* 7 How. Pr. R. 430 ; *Davidson* v.
*Powell,* 16 How. Pr. R. 467 ; *Sherman* v. *N. Y. Central Mills,*
1 Abbott, 187 ; *Baker* v. *Bailey,* 16 Barb. 54.

At the time the pleadings in this case were prepared and
filed, the sixty-fifth section of the Practice Act provided that
every material allegation of the complaint not specifically
controverted by the answer should, for the purposes of the
action, be taken as true.   As the pleadings stood, the trial
should have been confined to the ascertainment of the damage
which the plaintiff had sustained, if any, and to an accounting
as prayed for by the plaintiff.   And it would now seem to
follow from the condition of the case upon the pleadings that
the judgment should be reversed and the cause remanded to
be tried again, provided the plaintiff may desire to insist upon
a recovery of damages and for an accounting.   But as the
defendants supposed they had by their answer put at issue
the material allegations of the complaint, and were sustained
in their view of this question by the referee and also by the
Court, we deem it proper in the exercise of our discretion, in
order that substantial justice may be done between the par-
ties, to suggest to the Court below to allow the defendants to
amend their answer so as to put at issue the material facts of
the complaint, if they can and may deem it proper to do so.
We are of opinion, however, that this indulgence should be
granted only upon terms that the defendants pay the costs of
the reference and trial and all proceedings subsequent, as well
as the costs of this appeal.

The judgment is hereby reversed and the cause remanded
for further proceedings, and a new trial if the answer is so
amended as to require it.