Maxwell, J.
The plaintiff filed his petition in the district court of Richardson county, alleging that on the twenty-first day of July, 1873, a mare belonging to plaintiff, was on the railroad tract of the defendant, iñ Falls City precinct, *524 Richardson county, when a certain train of cars belonging to the defendant, and managed and controlled by its agents and employes, was passing over the railroad track. That the said agents and employes of said railroad, negligently, carelessly, and wantonly, ran its engine and train of cars upon, over and against said mare, breaking one of her legs and causing other injuries, to the damage of the plaintiff in the sum of $75.00,” etc. It was also alleged in the petition, that the railroad was not fenced, and that it had been constructed more than six months, at the time the injury was committed.
The defendant answered the petition of plaintiff as follows: “ The defendant, answering the petition of said plaintiff', heretofore filed against it in the above entitled cause, says and denies that it negligently, carelessly, and wantonly ran its engine or locomotive and train of cars over or against the said mare of the said plaintiff. Defendant denies that the notice required by the statute, in such cases made and provided, was given it by said plaintiff, as to entitle said ¡plaintiff to double damages. Defendant denies that said mare was worth the sum of seventy-five dollars. Defendant alleges that said mare of said plaintiff was injured in the manner alleged by said plaintiff’s petition by and through the negligence and carelessness of the said plaintiff.”
On the trial of the cause, the court instructed the jury as follows: “This suit is brought by the plaintiff to recover damages of defendant, alleged to be sustained by plaintiff, by reason of the defendant negligently, carelessly, and wantonly, running its engine upon and so badly injuring his mare as to render it worthless. The defendant denies that its engine or locomotive and train of cars ran over or against the mare of the plaintiff This denial, puts the plaintiff upon proof of his ■ cause of .action; has he proved the injury was done by the defendant, or any of its employes? I must instruct *525 you as a matter of law, that the plaintiff has failed to prove that the defendant committed the injury, and your verdict must be for the defendant.” To this instruction the plaintiff excepted. The jury found a verdict for the defendant. The plaintiff filed a motion for a new trial, which was overruled, and judgment was rendered dismissing the case. The case is brought into this court by petition in error.
Seo. 134, of the code :of civil procedure, provides, that “every material allegation of the petition, not controverted by the answer, and every material allegation of new matter in the answer, not controverted by the reply, shall for the purposes of the action be taken as true.”
Without considering the admissions contained in the answer, is there any denial therein, that the injury complained of was committed by the defendant? We think not. It is denied that the “ defendant negligently, carelessly, and wantonly ran its engine, or locomotive and train of cars over, or against the said mare of the said plaintiff,” but this is amere denial of negligence on the part of the defendant, and not a denial that the defendant occasioned the injury complained of. “A defendant must answer the charges directly, without evasion, and not' by way of negative pregnant.” 1 Vansantvoords, Eq., 204. Moaks Van Sant, Pl., 814. Baker v. Bailey, 16 Barb., 56. Fish v. Redington, 31 Cal., 194. Robins v. Lincoln, 12 Wis., 8. A denial must be direct and unambiguous, and must answer the substance of each direct charge; and such facts as are not denied by the answer for the purposes of the action, are to be taken as true. This requirement of the statute is not designed to prevent vthe defendant from denying such facts in the petition, as he believes to be untrue, but to prevent the introduction of fictitious issues; and while denials must be positive and direct, the verification need only be, that *526 the defendant believes the facts stated in the answer to be true.
There being no denial in the answer that the defendant committed the injuries complained of, no jiroof of those facts was required. The court therefore erred in instructing the jury to find for the defendant. The judgment of the district court is reversed, and the case remanded for further proceedings.
Reversed and remanded.
Lake, Ch. J., concurred.