MARY E. HANSON, APPELLEE, v. L. C. LEHMAN AND AMELIA LEHMAN, APPELLANTS.

1. **Pleading**: ANSWER. A denial must be direct and unambiguous and answer the substance of each direct charge. Such facts as are not denied are for the purposes of the action taken as true. *Harden v. A. & N. R. R. Co.*, 4 Neb., 521.

2. ———: ———: SPECIFIC PERFORMANCE. In an action for the specific performance of a contract to convey real estate, an answer alleging that plaintiff had agreed to construct a building upon the lot when she purchased it, but had failed to do so, no such condition being contained in the written contract, and no facts being alleged which would show that it would be to the advantage of the defendant to have such building constructed, constitutes no defense to the action.

APPEAL from Stanton county district court. Tried below before CRAWFORD, J.

*Brome & Durland,* for appellants.

No appearance for appellee.

REESE, J.

Plaintiff seeks the specific performance of a contract for the sale of certain real estate executed by the defendant to

her. The contract, an ordinary bond for a deed, is set out in the petition. The recital is, that plaintiff has agreed to purchase the property described, " as follows : Twenty-five dollars with interest from date at the rate of ten per cent per annum, the above amount and interest to be paid on or before the first day of April, 1882." No other reference is made to the time of payment nor to the performance or failure to perform the contract on the part of plaintiff. The contract was signed by defendant. The petition alleges that the time for payment was extended by defendant for a year or longer if desired by plaintiff, and that shortly after the expiration of the year she tendered the money due and demanded a deed, which was refused.

The answer admits the making of the contract, but denies that he did " on or about the first day of April, 1882, grant an extension of time for the payment of the $25 and interest thereon, required by the terms of the agreement," and denies that plaintiff " has performed or offered to perform the conditions on her part of the contract to be done or performed." The answer further alleges that it was the duty of plaintiff to pay the taxes on the premises, but that she failed to do so, and that he has paid them, but fails to give the amount paid by him, and fails to ask any relief in that behalf. It is also alleged that at the time of the sale it was agreed that plaintiff should erect a building on the real estate in question to be used for the purpose of a laundry, and that the same was to have been constructed prior to the execution of the deed, but that plaintiff has failed to construct the building, and that thereby defendant is discharged from the contract.

To this answer a demurrer was interposed by plaintiff, upon the ground that the answer did not state facts sufficient to constitute a defense. The demurrer was sustained. Defendant appeals. Does the answer state a defense?

It cannot be claimed that by the terms of the contract

the *time* of payment is made an essential ingredient. Therefore it is doubtful if the allegation of the waiver or extension as alleged in the petition was a necessary allegation. But assuming that it was, the denial is insufficient. The answer does not deny the extension but denies granting it at the *time* alleged. In this the answer is ambiguous and not sufficient. *Harden v. A. & N. R. R. Co.*, 4 Neb., 521. Maxwell's Pleading and Practice (4th ed.), 126.

The same is true of the denial of performance of the contract on the part of plaintiff. None of the allegations of the petition are denied, but rather the conclusion to be drawn from them.

As to the payment of taxes it is apparent that nothing was claimed, or the facts would have been stated, and as the amounts paid, if any, were not alleged, no defense could be based thereon.

The last defense pleaded is, that it was agreed that plaintiff should erect a building on the premises. There is nothing alleged which would tend to show that it was a matter of any importance to defendant whether plaintiff built a house on the premises or not. The facts alleged constituted no defense.

The ruling of the district court in sustaining the demurrer was right, and is therefore affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.