PHŒNIX INSURANCE COMPANY v. WILLIAM MEIER.

[FILED DECEMBER 4, 1889.]

1. **Pleading.** A denial of the facts alleged in the pleadings should be direct and specific. A denial of the facts averred in the petition "as alleged in the petition" is not a denial of the allegations.

2. **Insurance :** AGENT: AUTHORITY. When an insurance agent, who has authority to issue policies of insurance, issues and delivers a policy upon a building therein described and agrees with the assured to deduct the premium out of money then in his possession belonging to the assured and apply it on the payment of the premium, such an agreement is a receipt of the premium, and the company issuing the policy will be bound thereby.

3. ———: POLICY : DELIVERY : WHAT IS? In such case, where the policy is delivered to the assured but is returned to the agent to be kept in the safe of such agent, with other papers belonging to the assured, the delivery of the policy will be complete, notwithstanding it remains in such safe until after loss.

ERROR to the district court for Gage county. Tried below before BROADY, J.

*R. S. Bibb* (*N. T. Gadd* with him), for plaintiff in error:

The agreement between Gadd and Meier, that the former was to be substituted as the debtor of the company without

its knowledge, does not constitute a payment of the premium. (*McCormick v. Keith*, 8 Neb., 145; *Stoll v. Sheldon*, 13 Id., 209; *Phillips v. Mayer*, 7 Cal., 81; *Berthuff v. Quinlan*, 68 Ill., 297; *Graydon v. Patterson*, 13 Ia., 256; *Drain v. Doggett*, 41 Id., 682; *Aultman v. Lee*, 43 Id., 404; *Benny v. Rhodes*, 18 Mo., 147; *Wheeler, etc., Co. v. Givan*, 65 Id., 89; *Higgins v. Moore*, 34 N. Y., 422; *Stewart v. Woodward*, 50 Vt., 81; *Hall v. Storrs*, 7 Wis., 253; *Huffman v. Ins. Co.*, 92 U. S., 161; *Kingston v. Kincaid*, 1 Wash. [C. C.], 454; Dunlap's Paley on Agency, 291*; Story on Agency, secs. 90, 181; Benjamin on Sales, sec. 1099.) There was no valid contract, as the risk had not been accepted nor the policy delivered. (*Continental Ins. Co. v. Jenkins*, 5 Ins. Law Journal [Ky.], 514; *Buffum v. Fayette Fire Ins. Co.*, 3 Allen [Mass.], 360; *Wallingford v. Home Mutual Ins. Co.*, 30 Mo., 46; *Patterson v. Ben Franklin Ins. Co.*, 5 Ins. Law Journal [N. Y.], 123; *Taylor v. Phœnix Ins. Co.*, 47 Wis., 365; *Mattoon Mfg. Co. v. Oshkosh Mutual Fire Ins. Co.*, 69 Wis., 564.) Written notice of loss was not given in this case, and is a condition precedent to recovery. (*McCann v. Ætna Ins. Co.*, 3 Neb., 207, and cases cited; *Columbian Ins. Co. v. Lawrence*, 2 Pet. [U. S.], 53, 10 Pet., 513; *Haff v. Marine Ins. Co.*, 4 Johns. [N. Y.], 135; *Brink v. Hanover Ins. Co.*, 70 N. Y., 594, and cases cited; *Owen v. Farmers' Ins. Co.*, 57 Barb., [N. Y.], 521; *Dohn v. Farmers' Ins. Co.*, 5 Lans. [N. Y.], 275; *Inman v. Western Fire Ins. Co.*, 12 Wend. [N. Y.], 456; *Planters' M. I. Co. v. Deford*, 38 Md., 400; *Smith v. Haverhill M. F. Ins. Co.*, 1 Allen [Mass.], 297; *Johnson v. Phœnix Ins. Co.*, 112 Mass., 49; *Protection Ins. Co. v. Pherson*, 5 Ind., 417; *Edgerly v. Farmer' Ins. Co.*, 43 Ia., 587; *Germania Ins. Co., v. Curran*, 8 Kan., 9; *Leadbetter v. Ætna Ins. Co.*, 13 Me., 265; *McPike v. Western Assurance Co.*, 61 Miss., 37; *Troy Fire Ins. Co. v. Carpenter*, 4 Wis., 25; *Wright v. Ins. Co.*, 36 Wis., 522; Flanders, Insurance, 573; May, Insurance, sec.

465; Wood, Insurance, sec. 411, 416). None of the conditions precedent were waived. (*Barr v. Council Bluffs Ins. Co.,* 41 N. W. Rep. [Ia.], 374 ; *Smith v. Niagara Fire Ins. Co.,* 15 Atl. Rep. [Vt.], 353; *Hankins v. Rockford Ins. Co.,* 35 N. W. Rep. [Wis.], 34.) The occupancy of the risk was changed.

*Pemberton & Bush, contra:*

A denial of the contract waives the right of insisting on a performance of its conditions. (*School District v. Holmes,* 16 Neb., 486; *Dinsmore v. Stibbert,* 12 Id., 433 ; *Carson v. German Ins. Co.,* 62 Ia., 433; *Boyd v. Ins. Co.,* 70 Id., 325; *Kansas Protective Union v. Whitt,* 36 Kan., 760; *Phœnix Ins. Co. v. Shiers,* 8 S. W. Rep. [Ky.], 453; *Tayloe v. Merchants' Fire Ins. Co.,* 9 How. [U. S.], 390, 403; *King v. Hekla Fire Ins. Co.,* 58 Wis., 508 [17 N. W. Rep., 297]; *Lazensky v. Sup. Lodge,* 31 Fed. Rep., 592; *Unsell v. Hartford Ins. Co.,* 32 Id., 443; *Commercial Union Ins. Co. v. Scammon,* 12 N. E. Rep. [Ill.], 324 ; *Travelers' Ins. Co. v. Harvey,* 5 S. E. Rep. [Va.], 553; *Fireman's Ins. Co. v. Floss,* 10 Atl. Rep. [Md.], 139.) Delivery was completed by leaving the policy with the agent, Gadd. (*Sheldon v. Conn. M. L. Ins. Co.,* 25 Conn., 207; 65 Am. Dec., 565; *Bodine v Exch. F. Ins. Co.,* 51 N. Y., 117; *Ins. Co. v. Colt,* 20 Wall. [U. S.], 560.) The authority of insurance agents, such as the agents in this case, is general and they have the power to waive the payment of the premium even though the policy provide that they shall not have such power. (*Young v. Hartford F. Ins. Co.,* 45 Ia., 377; 24 Am. Rep., 784; *Sheldon v. Conn. M. L. Ins. Co., supra; Bouton v. American Ins. Co.,* 25 Conn., 542 ; *Boehen v. W. C. Ins. Co.,* 35 N. Y., 131; *She'don v. Atlantic F., etc., Co.,* 26 N. Y., 460; 84 Am. Dec., 213, and note; *Trustees v. Brooklyn Ins. Co.,* 19 N. Y., 305 ; *Bowman v. Agr. Ins. Co.,* 59 N. Y., 521; *Bodine v. Exch. F. Ins. Co., supra ; Goit v. U. P. Ins. Co.,* 25 Barb. [N. Y.], 189; *Miss. Valley*

*Ins. Co. v. Neyland,* 9 Bush. [Ky.], 430; *Southern L. Ins,*
*Co. v. Booker,* 9 Heisk. [Tenn.], 606; 24 Am. Rep., 344;
*Murphy v. Southern L. Ins. Co.,* 3 Baxt. [Tenn.], 440; 27
Am. Rep., 761; *Miller v. Life Ins. Co.,* 12 Wall. [U. S.],
285; May, Insurance, secs. 134, 360; *White v. Conn. F.*
*Ins. Co.,* 120 Mass., 330; *Wooddy v. Ins. Co.,* 31 Gratt.
[Va.], 362; 31 Am. Rep., 732, 736; 4 Wait's Act. &
Def., 30.) The policy could not be canceled after execu-
tion without notifying the insured himself—not simply his
agent. (*Body v. F. Ins. Co.,* 63 Wis., 157; *Chadbourne v.*
*German Am. Ins. Co.,* 31 Fed. Rep., 533.)

REESE, CH. J.

This action was instituted for the recovery of an amount
alleged to be due defendant in error upon a policy of in-
surance, it having been alleged in the petition that on the
8th day of December, 1886, plaintiff in error, in consider-
ation of the sum of $40 premium paid it by defendant in
error, executed its policy of insurance upon one frame
building and certain personal property therein contained,
and which said insured property was consumed by fire on
the 3d day of February, 1887, due notice of which had
been given to plaintiff in error.

The answer consisted of a number of defenses, which we
set out at some length in order to have a proper under-
standing of the questions presented for decision.

The first paragraph of the answer was as follows : " Now
comes the defendant and for answer to plaintiff's amended
petition herein filed, says : That it denies that on the 8th
day of December, 1886, it executed and delivered to the
plaintiff herein a policy of insurance upon the house and
property of said plaintiff for the sum of $600 upon the
house and the sum of $400 upon the saloon fixtures,
stove, chairs, and tables, etc., or for any amount upon any
property of plaintiff as alleged by the plaintiff in his
petition in this action. And the defendant further an-

swering says that it denies that this plaintiff, on said 8th day of December, 1886, or at any time prior or subsequent thereto, paid to this defendant any premium on any policy or contract of insurance, and the defendant denies that any contract of insurance was entered into between plaintiff and defendant wherein or whereby this defendant agreed to become or did become liable to the plaintiff for any loss by fire that the plaintiff might sustain to the property described in his said petition as alleged in said petition. And defendant denies that it is indebted to the plaintiff in any sum whatsoever."

By the next paragraph of the answer it was alleged that in all of the contracts of insurance issued by plaintiff in error, and in all of the forms of policy generally used by it in its fire insurance business, was a condition that if during the time of insurance covered by the policy the occupation of the premises assured be changed, then and from that time thenceforth, so long as said occupation should continue changed, the policy and contract of insurance should cease and be of no force and effect, except there should be a special agreement in writing on the policy that the insurance should remain in force, notwithstanding the change in the occupancy of the property; that at the time of the alleged insurance the property which was described in the petition was used and occupied as a warehouse, and during the interval between the date of the alleged insurance and the date of the alleged fire the occupancy of the property was changed from that of a warehouse to a dwelling house, and that the property was so occupied at the time of its alleged destruction, and "that there was no agreement in writing in any policy of insurance issued by plaintiff in error to defendant in error, or otherwise, wherein plaintiff in error agreed to insure the premises or property therein contained, as alleged by plaintiff, during the time the premises were so occupied as a dwelling house, and defendant alleges that it was never

agreed in writing or otherwise that there might be a change of occupancy in the said premises."

It was further alleged that in the forms of policy generally used by plaintiff in error, in its insurance business, and in all of its contracts of insurance, there was a condition that persons sustaining loss or damage by fire should forthwith give notice in writing of said loss to the company, and within thirty days thereafter render a particular and specific account of the loss, signed and sworn to by the assured, and that no notice had been given, or proof of loss furnished as provided by said policy.

The answer also contained a general denial of all the allegations of the petition not admitted.

By the reply all the allegations of new matter contained in the answer were denied, and it was alleged that at the time of the insurance the building insured was occupied, and that by the consent of plaintiff in error defendant in error moved into it and occupied it as a residence for himself and family.

It was further alleged that "as to the proof complained of in said answer not being forwarded in thirty days  *    * defendant denied the insurance and liability to the plaintiff."

A jury trial was had which resulted in a verdict in favor of defendant in error, finding that there was due to him from plaintiff in error the sum of $1,084.37. A motion for a new trial was filed and overruled and judgment was rendered upon the verdict for the amount found due.

The motion for a new trial filed in the district court, and the petition in error filed in this court, each consists of a number of assignments of error, but it is not deemed necessary to notice all in the order presented, as they may be sufficiently considered by following the methods adopted by the parties in their briefs.

It is contended by plaintiff in error that the premium of $40 was never paid, nor a waiver of such payment made, and that therefore no contract of insurance was entered into.

9

As we have already seen, the answer of plaintiff in error consisted of a denial of the contract of insurance "*as alleged in said petition.*" This, under the rule stated in *Harden v. A. & N. R. R. Co.*, 4 Neb., 521, does not amount to a denial of the execution of the policy nor of the existence of the contract of insurance, but is in effect an admission thereof, and upon this alone this part of the case would have to be decided against plaintiff in error.

But conceding the answer to be sufficient to create an issue upon the question of the execution and delivery of the policy by plaintiff in error, we think it is sufficiently shown that a contract of insurance was made.

At the commencement of the trial defendant in error called as his first witness Mr. N. T. Gadd, who was the agent of plaintiff in error, through whom the policy of insurance was issued. We here copy a portion of his testimony:

Q. You may state where you live, and what is your business.

A. I live at Liberty, and am an attorney.

Q. Where were you living on December 8, 1886?

A. Living at Liberty, Nebraska.

Q. State if at that time you were in any way engaged in business for defendant in this action.

A. With Mr. Nouse I was engaged in transacting insurance business—the firm of Nouse & Gadd.

Q. In what capacity were you engaged at that time?

A. I was their agent. I was their local agent.

Q. State whether or not you were what was called an insurance company's recording agency.

A. We were.

Q. State what authority you had as recording agency as to writing policies.

A. We had authority to write policies, subject, however, at the same time, to the approval of the company.

Q. You had authority to write policies?

A. Yes.

Q. State if on that day you had any transaction with the plaintiff by issuing by the defendant a policy to him.

A. We did.

Q. State if you wrote a policy for him or there was one written in your office.

A. There was one written in the office. ·

Q. State if you have that policy with you.

A. No, sir; I've not got it.

Q. (Handing witness Exhibit "A.") Examine that, and state if that is the policy that was written at that time.

A. Yes.

Q. In whose handwriting is this policy?

A. in the writing of S. E. Clapp.

Q. Who was S. E. Clapp.

A. He was clerking for the firm of Nouse & Gadd at that time.

Q. You may state whether or not he did the business, or whether you did the business in reference to writing up this policy and the contract for the same.

A. Mr. Clapp wrote the policy; I suggested a word or two in the policy, and I suppose the contract was talked over with Meier, by me and Meier, and I don't know whether Clapp had anything to do with it or not. I don't know whether Clapp took any part in it or not.

Q. You may state if at that time there was a record made upon the books of the company.

A. Yes.

Q. Who made the record.

A. Mr. Clapp.

Q. State to the jury what the number of this entry is in the book.

A. Registry entry for policy for 1074.

Q. You say this entry was made at the time?

A. Yes.

There was sufficient proof submitted to the trial jury to

justify a finding that the policy was written and delivered to defendant in error, but that after such delivery he returned it to the agent of plaintiff in error with a request that it be retained in a safe in the office of such agent with some papers which belonged to defendant in error, until he should call for it. If this was true, of which the jury were the sole judges, the delivery of the policy was complete. (*Insurance Co. v. Colt,* 20 Wall., 560 ; *Bodine v. Ins Co.,* 51 N. Y., 117 ; *Sheldon v. Ins. Co.,* 25 Conn., 207).

It is further contended that no premium was paid for the insurance and that therefore the policy was not binding on plaintiff in error. The evidence, on the part of the defendant in error, submitted to the jury, was to the effect that the agent of plaintiff in error had money in his possession belonging to defendant in error, the same having been previously collected by such agent by defendant in error, and that that money to the extent of the premium was applied in payment thereof. This, if true, would be a payment, as it is not denied that the agent had the right to collect and remit premiums. This was a sufficient payment of the premium; but had this not been true the delivery of the policy would have been a waiver of the cash payment. (*Boehen v. Ins. Co.,* 90 Am. Dec., 787 [S. C., 35 N. Y., 131], and note at end of case.)

It is next contended that the proof of loss was not made in compliance with the terms of the policy, and that for that reason defendant in error cannot recover. This contention must be met by saying that by the denial of the contract, and of all liabilities thereunder, plaintiff in error waived the right to insist upon the failure of proof of loss as a further defense. It would be idle to go to the trouble and expense of making such proof when all obligation under the contract of insurance was denied by the company sought to be charged thereby. (*Tayloe v. Ins. Co.,* 9 How. [U. S.], 390 ; *Carson v. Ins. Co.* 62 Ia., 433 ; *Ins. Co. v. Scammon,* 12 N. E. Rep. [Ill.], 324 ; *King v. Ins. Co.,* 58

Wis., 508 [S. C., 17 N. W. Rep., 297]; *Kansas Protective Union v. Whitt*, 36 Kan., 760; *Phœnix Ins. Co. v. Spiers*, 8 S. W. Rep., [Ky.], 453.)

On almost every material part of the case the evidence was conflicting, but there was sufficient introduced by defendant in error to sustain the finding of the jury, and in such case the verdict cannot be molested by this court.

Upon the matter of the alleged change of the occupancy of the insured property there was evidence tending to show that at the time of the insurance the house was occupied as a billiard room, or in which to store billiard tables and other saloon property ; but that thereafter the defendant in error obtained permission from the agent of plaintiff in error to go into the building and occupy it as a dwelling, and that it was so occupied at the time of its destruction by fire, with the knowledge and consent of the agent.  This being true, the policy was not avoided thereby.

The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.