32  663
48  712

HAMILTON LOAN & TRUST CO. v. GEORGE P. GORDON.

[FILED SEPTEMBER 15, 1891.]

1. **Pleading.** Allegations of fact, constituting a defense, set up in defendant's answer, without reply from the plaintiff, and submitted to the jury over defendant's objection, *held,* error in not requiring a reply before the entry of judgment.

2. **Evidence** examined and considered, and found insufficient to support the verdict under the instructions of the court.

ERROR to the district court for Sherman county. Tried below before CHURCH, J.

*Hartman & Dryden,* for plaintiff in error.

*Wall & Bradley, contra.*

COBB, CH. J.

This action was commenced in the county court and appealed to the district court, alleging that the defendant is indebted to the plaintiff in the sum of one hundred dollars, balance due and unpaid by the defendant against a real estate loan of $800, made by the defendant to plaintiff in the month of March, in the year 1889, all of which sum has been due and owing by the defendant to the plaintiff since the last mentioned date, together with interest at the rate of seven per cent per annum, all of which the defendant refuses to pay to the plaintiff, although often requested so to do. Wherefore the plaintiff prays judgment against the defendant in the sum of $107 and the costs of this action.

"For answer to the petition filed herein by the plaintiff, the defendant alleges that on or about the 5th day of March, 1889, the said plaintiff made an application for a loan on real estate described as follows, to-wit: N. ½ of S.

E. ¼ and S. ½ N. E. ¼ section 10, town 15 N., of range 16 W., Sherman county, Nebraska; that soon after the time of making said application, the defendant informed the plaintiff that the security was not sufficient unless the plaintiff agreed to break forty acres more of the prairie contained in said real estate as security for said loan; that the said plaintiff agreed to break said forty acres, and in consideration of said defendant making the loan under said condition, the plaintiff agreed with defendant that it should keep out of said loan the sum of $100, until such time as said plaintiff should break said forty acres of land and make proof of same by filing affidavit with defendant; that said $100, or any part thereof, was not to be paid until such time as plaintiff broke said forty acres and made proof as aforesaid; that the plaintiff has not broken said forty acres, and that defendant is not indebted to plaintiff for the sum of $100, or any sum whatever, for the reason that plaintiff has not complied with his contract, agreement, or application. The defendant denies each and every allegation in said petition contained not hereinbefore specifically admitted or denied.

There was a trial to a jury on March 7, 1890, with a verdict for the plaintiff of $105. The defendant's motion for a new trial having been overruled, judgment was rendered on the verdict.

The following error is assigned:

In overruling the defendant's motion to dismiss the action before the introduction of evidence, but after a witness had been sworn.

The answer of the defendant setting up new matter of defense, and a condition of *non debit* was not met by replication either before or during the trial; nor was there a reply to the defendant's issue subsequent to the verdict. It is an acknowledged rule of pleading that if an affirmative plea be not controverted by a counter-pleading the action will be dismissed, on motion, with judgment for the af-

firmative party.   The question on this trial, did the plaint-
iff accept the loan on condition of breaking up forty acres
additional of the mortgaged premises, was neither denied
nor answered on the record, but was constructively admitted
to be true.   It was error, therefore, to have overruled the
defendant's motion to dismiss the case without testimony
and argument to the jury. (*Dillon v. Russell*, 5 Neb., 484;
Id., 215; *Williams v. Evans*, 6 Id., 216; *Payne v. Briggs*,
8 Id., 75.)

In the case of *Whitney v. Preston*, heard at the January
term, 1890, 29 Neb., 243, it was held "not to be an abuse
of discretion to permit a reply to be filed after verdict in
a case tried by both parties, without objection, upon the
theory that the allegations of the answer were denied," and
this practice, we think, has been of frequent occurrence and
frequently sanctioned by this court; but the defendant's
motions to the court in the present case, and the total neg-
lect of the plaintiff to join issue on the question submitted
to the jury, take the question beyond the privilege of the
decision cited.

The court on the trial instructed the jury, at request of the
defendant, that "A single question of fact is presented by
the proof—what agreement, if any, was made between the
parties at the time the $700 testified to was paid to the
plaintiff by the witness Malmgren.   If you find that the
loan company made it a condition for the placing of the
loan that the plaintiff should, during the season of 1889,
break out forty acres more of the land, and that $100 of
the loan should be retained until the breaking was done,
and these conditions were communicated to the plaintiff,
and he thereafter, with a full knowledge of the conditions,
accepted the $700 tendered, leaving $100 in the hands of
the loan company, the plaintiff would be bound by such
conditions even if he did not in terms say he accepted them.
He will not be allowed to accept the part of a propo-
sition in his favor, and reject the balance without the con-

sent of the other party. The burden of proof is on the plaintiff to show that no conditions were made, and unless he so shows you will find for the defendant."

We find from an examination of the record that the proof shows that the condition of the loan was plainly and specifically made by the agent of the defendant, and that, with full knowledge of the conditions, the plaintiff accepted $700 from the agent without intending to fulfill the conditions, and that he subsequently sold his interest in the premises for no substantial value. The preponderance of proof is against the plaintiff's recovery, and we think adverse to the verdict under the instruction of the court.

The judgment of the district court is reversed, and the cause is remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.