FRED SCOFIELD v. CHARLES F. CLARK ET AL.

FILED JUNE 2, 1896.    No. 6591.

1. **Pleading.** All facts well pleaded in an answer, not denied by a reply, are taken as true.

2. **Release and Discharge.** The release by a payee of one joint obligor operates as a release of the others also.

3. **Judgments.** Under section 440 of the Code of Civil Procedure a judgment *non obstante veredicto* should be rendered when the pleadings of the party obtaining the verdict confess facts entitling the other party to judgment. (*Manning v. City of Orleans,* 42 Neb., 712.)

ERROR from the district court of Gage county.   Tried below before BABCOCK, J.

*Rickards & Prout,* for plaintiff in error.

*Alfred Hazlett, contra.*

NORVAL, J.

This action was instituted in the county court of Gage county by Charles F. Clark to recover upon a promissory note for $800, executed by Fred Scofield and others, payable to A. T. Turney, and by him indorsed to C. G. Platter, who likewise indorsed the said instrument to plaintiff. The makers and indorsers were made defendants, although service of summons was had upon Scofield and Turney alone, against whom a verdict was rendered, and immediately Scofield filed a motion for judgment in his favor upon the pleadings *non obstante veredicto,* which was overruled, and judgment was thereupon rendered by the county court in favor of the plaintiff.  Scofield prosecuted a petition in error to the district court, alleging, *inter alia,* that the county court erred in overruling his motion for judgment, notwithstanding the verdict.   From a judgment affirming the decision of the county court, error is prosecuted to this court.

The record shows that one of the defenses interposed in Scofield's answer to the petition in the county court was that Turney, the original payee of the note, while he was owner thereof, for a valuable consideration released J. D. Patterson, P. G. Casper, and Julius Lane, joint makers with Scofield of the note sued upon. Plaintiff filed a general demurrer to this defense, which was overruled, and no reply to the answer was filed. The plaintiff by failing to reply admitted as true all facts well pleaded in said answer. (*Harden v. Atchison & N. R. Co.,* 4 Neb., 521; *Dillon v. Russell,* 5 Neb., 488; *Williams v. Evans,* 6 Neb., 218; *Payne v. Briggs,* 8 Neb., 78; *Hanson v. Lehman,* 18 Neb., 564; *Linch v. State,* 30 Neb., 740; *Hamilton Loan & Trust Co. v. Gordon,* 32 Neb., 663.) The answer alleges, in effect, that on the 1st day of March, 1890, Turney, who was the payee, owner, and holder of the note, in consideration of $300, to him paid .by the three of the makers above stated, released them from further liability on said instrument, and that said release was indorsed in writing upon the back of said note by Turney, without Scofield's knowledge, consent, or procurement. The release being thus indorsed, the plaintiff was not an innocent holder of the paper, although he purchased the same before maturity thereof. The $300 payment was made before the note became due, which constituted a good consideration for the release and discharge of those who paid the money. That the release of one joint obligor will operate as a release of the others also is the settled law of this state. (*Neligh v. Bradford,* 1 Neb., 451; *Lamb v. Gregory,* 12 Neb., 507.) It follows that the answer stated a good defense to the note.

Section 440 of the Code of Civil Procedure provides: "Where, upon the statements in the pleadings, one party is entitled by law to judgment in his favor, judgment shall be so rendered by the court, though a verdict has been found against such parties." Under the foregoing provisions the defendant Scofield, upon the issues made by the pleadings, had a right to have judgment pro-

nounced in his favor. (*Rinker v. Lee*, 29 Neb., 784; *Manning v. City of Orleans*, 42 Neb., 712.) The county court erred in not sustaining the motion for judgment, *non obstante veredicto*, and the district court erred in rendering a judgment of affirmance. The judgment of the county court and that of the district court are reversed and the cause remanded to the last named court for further proceedings.

REVERSED AND REMANDED.