MALARNEY v, MICHIGAN MUTUAL AUTO INSURANCE CO.

INSURANCE—PAYMENT OF PREMIUM—LIABILITY OF INSURER.

Where defendant insurance company's agent had in his possession money belonging to plaintiff, and said agent, who had authority to collect the premiums, insured plaintiff's automobile in defendant company with the understanding and agreement that a part of the money in said agent's possession should be used to pay the premium, but he neglected to send same to defendant until after the car was stolen, defendant was liable to plaintiff for the loss, notwithstanding more than 15 days had elapsed between the issuance of the policy and the loss, and a clause in the policy provided that the premium must be paid on or before 15 days from the date of issue thereof, and if not so paid the liability of the company ceased until such payment was made, since payment by plaintiff was as effectually made as though the agent had handed plaintiff the money owing him and he had handed it back for such purpose.

Error to Lenawee; Hart (Burton L.), J.    Submitted. October 12, 1921.    (Docket No. 122.)    Decided December 21, 1921.

Assumpsit by Maurice J. Malarney against the Michigan Mutual Auto Insurance Company on a policy of insurance.    Judgment for plaintiff.    Defendant brings error.    Affirmed.

W. P. Crotser and Patchin & Duncan, for appellant.

B. D. Chandler and W. D. Grommon, for appellee.

SHARPE, J.    The plaintiff writes fire insurance, as does also one M. E. Tripp.    Mr. Tripp was also the agent at Hudson of the defendant company.    Prior

to January, 1920, plaintiff had written fire insurance on the school buildings at Hudson at the request of Tripp. The premium, $25, was collected by Tripp and was to be equally divided between them. On January 13, 1920, plaintiff applied through Mr. Tripp for insurance of his Ford automobile in defendant company. A policy was issued and delivered to him. The premium thereon was $11.40. It contained the following provision:

"Premium on this policy must be paid on or before fifteen (15) days from the date of issue thereof; if not so paid, the liability of this company hereunder shall cease until such payment shall be made."

At the time of its issue, Tripp had in his possession $12.50, one-half of the fire insurance premium above stated, which belonged to plaintiff. Tripp testified:

"I had $12.50 of his money that I received and accepted as payment for this policy as the agent for the defendant. * * *

"This $12.50, at least that amount which Mr. Malarney was entitled to, that was appropriated by me as payment for his policy.

"*Q.* As agent for the defendant in this case?

"*A.* Yes, sir.

"*The Court:* When?

"*A.* Immediately as soon as the policy was issued, it was paid for."

Plaintiff's car was stolen on March 23, 1920. That day Tripp advised the defendant of the fact by letter and inclosed a check for the premium. This was returned by defendant to Tripp with a denial of liability for the loss.

At the conclusion of the proofs, both parties moved for a directed verdict, counsel for the defendant saying to the court:

"As the case stands now, it is simply a question of whether a verdict will be directed in favor of the plaintiff or in favor of the defendant."

After some discussion, the court announced that both motions would be denied. The defendant then called Mr. Curtis, vice-president of the company. He testified that advice was always sent to the agents when the 15 days for payment had expired, demanding payment, that the company sometimes accepted payments made 2 months after the policy was issued, but that unless received within the 15 days the company treated the policy as void. He admitted that no advice was sent to the plaintiff. The trial court submitted the case to the jury, instructing them that if they found that the defendant had waived the provision as to payment within 15 days the plaintiff might recover, otherwise not. Counsel do not find any fault with the charge in this respect, if such a charge was justified by the proofs. The jury found for plaintiff and the defendant here reviews the judgment entered on the verdict by writ of error.

We are impressed that under this record the plaintiff was entitled to a directed verdict. Strictly speaking, the relation of Tripp to plaintiff with respect to the insurance money was not that of debtor and creditor. It was more nearly akin to that of principal and agent. Tripp had collected money which belonged to plaintiff. When received by him, it was plaintiff's money. It was his duty to turn it over to him without any demand therefor. We must assume from his testimony that he was ready and willing to do so. Before this was done, plaintiff requested him to use $11.40 of it in payment of the premium in question. This request Tripp agreed to comply with. He had the authority from defendant to collect the premium and, in effect, the money, as testified to by him, "was appropriated" for that purpose. There was at that time no other unsettled matter between them. By the arrangement Tripp was not to make payment of the premium for plaintiff. Payment by plaintiff was as

effectually made as though Tripp had handed him the $11.40 and he had handed it back for such purpose. The following Michigan cases, while not directly in point, will be found instructive on the question presented. *Lyon* v. *Insurance Co.*, 55 Mich. 141, 146 (54 Am. Rep. 354) ; *Geddes* v. *Relief Ass'n*, 178 Mich. 486; *Johnson* v. *Casualty Co.*, 184 Mich. 406 (L. R. A. 1916A, 475).

In *Phœnix Ins. Co.* v. *Meier*, 28 Neb. 124 (44 N. W. 97), a similar question was considered. In disposing of it the court said:

"It is further contended that no premium was paid for the insurance, and that therefore the policy was not binding on plaintiff in error. The evidence on the part of defendant in error submitted to the jury was to the effect that the agent of plaintiff in error had money in his possession belonging to defendant in error, the same having been previously collected by such agent for defendant in error; and that that money to the extent of the premium, was applied in payment thereof. This, if true, would be a payment, as it is not denied that the agent had the right to collect premiums. This was a sufficient payment of the premium."

In *Chickering* v. *Insurance Co.*, 116 Mass. 321, it was said:

"The evidence was sufficient to warrant the jury in finding that funds which the assured had a right to control, and apply to the payment of the premium, had come into the hands of the defendant's agent before the premium became due, that the assured directed that the agent should apply so much of said funds as was necessary to that payment. and that the agent did so apply it. Such facts would show a payment of the premium within the meaning of the policy."

See, also, *Kerlin* v. *Accident Ass'n*, 8 Ind. App. 628 (35 N. E. 39) ; *Home Ins. Co.* v. *Gilman*, 112 Ind. 7 (13 N. E. 118).

In our opinion, the plaintiff was entitled to a directed verdict for the amount found in his favor by the jury.   This renders it unnecessary to discuss the question of waiver.

The judgment is affirmed.

STEERE, C. J., and MOORE, WIEST, FELLOWS, STONE, CLARK, and BIRD, JJ., concurred.