P. R. MCALLISTER, APPELLEE, V. MARYLAND CASUALTY COMPANY, APPELLANT.

FILED APRIL 20, 1934. No. 28922.

*Story & Thomas,* for appellant.

*Sandall & Webster, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY and PAINE, JJ., and MESSMORE, District Judge.

MESSMORE, District Judge.

This is an appeal from the district court for York county, wherein that court found for plaintiff below, appellee herein; the cause having been tried to the court without the intervention of a jury.

Plaintiff's petition alleges that he is engaged in the truck and transfer business in York, Nebraska, and that defendant is a foreign incorporated insurance company, licensed to do business as such in the state of Nebraska; that on February 25, 1932, plaintiff received a policy of insurance from the authorized agent of defendant, bearing number OL-858613, insuring his automobiles, trucks and trailers, upon which there was due from plaintiff a premium of $362.36; that plaintiff thereafter paid said premium to the duly authorized agent of the defendant company on March 1, 1932, and said agent issued a receipt to plaintiff in full payment of said premium; that defendant company attempted to cancel said policy of insurance for nonpayment of the premium on March 23, 1932; that defendant company has refused and still refuses to return the unearned *pro rata* premium on said policy in the sum of $324.59, for which sum plaintiff prays judgment against defendant company.

The answer of defendant admits the identity of the parties and the issuance of the policy of insurance on February 25, 1932, and that it gave notice of the cancelation of said policy for nonpayment of premium on March 23, 1932, effective April 2, 1932; alleges that its alleged agent was personally indebted to plaintiff prior to the issuance of said policy on February 25, 1932, and that said agent applied the money due plaintiff on other canceled policies against the premium due on said policy; that defendant has received no part of the premium due on said policy; alleges that the action is not based on

the policy of insurance but is for money paid and received; denies each and every allegation of the petition not admitted in the answer.

Plaintiff, in reply, denies each and every allegation of fact contained in the answer and specifically denies that the action is not based on the insurance policy but is for money paid and received.

J. R. Wessels testified in behalf of plaintiff to the effect that he was the agent for the defendant company for four years prior to February 25, 1932; that Dominy & Sons, of Hastings, Nebraska, were writing the policies for defendant company, and when a policy was delivered to the witness for subsequent transmittal to the insured he would remit to Dominy & Sons within 45 days of the date of issuance of the policy and its delivery to witness; that the premium of $362.36 due on the policy of defendant issued to plaintiff was charged by Dominy & Sons to the York Insurance Agency, of which the witness and one Paul Farm were owners and managers.

Plaintiff testified that Hilda Wessels, daughter of J. R. Wessels, delivered to him the policy in question in this action, and that he paid the amount of the premium, $362.36, as evidenced by exhibit 2 in the record, dated March 1, 1932; that he later received notice of cancelation of the policy from the defendant company under date of March 23, 1932, as evidenced by exhibit 3 in the record; that the policy went into effect February 25, 1932.

Hilda Wessels testified that some time prior to February, 1932, she was in the employ of the York Insurance Agency, which firm had an agency contract with the defendant company, or with Dominy & Sons, or with Dominy & Steele, authorizing it to issue policies and remit the premiums due thereon within 45 days; that the policy in question was issued on the order of C. M. Dominy & Sons, of Hastings, because of the nature of the business covered, was written by the Hastings firm and sent by it to the York Insurance Agency and delivered by it to plaintiff, the premium thereon to be paid by

plaintiff within 30 days of the delivery of the policy to him, and the York Insurance Agency was to remit to Dominy & Sons within 45 days after the receipt of the policy by it. The witness also identified the receipt issued to plaintiff by her for payment in full of his account of the premium due on the policy in question.

The defendant company tendered into court the sum of $63.20, which, it alleges, is the amount of the unearned premium on the check of $100 paid by plaintiff on March 1, 1932, and which it admits is a valid payment on the premium and legally tendered after the issuance of its policy, and offered to confess judgment in that amount, which tender was refused.

It may be stated at the outset that appellant and appellee have agreed on certain propositions of law, which may be summarized briefly, so we may get the connection, as follows: (1) That the powers of an agent of an insurance company are governed by the general law of agency. (2) An agent of an insurance company who is authorized to accept applications and to receive advance premiums thereon is in the transmission of such applications and premiums the agent of the insurance company, and not of the insured; appellant contending, however, that the York Insurance Agency was the agent of plaintiff in the receipt and disbursement of his money, and not of appellant. (3) Where the relation of agency legally exists, the principal will be liable to third persons for all acts committed by the agent in his behalf in the course of and within the actual or apparent scope of his agency. (4) Payment of premium to insurer's authorized agent is payment to the insurer.

Appellant disagrees with the proposition of law contended for by appellee that payment of the premium in cash may be waived by an agent authorized to deliver policies and receive payments, notwithstanding a stipulation in the policy to the contrary. This proposition cannot be seriously contended for by appellee in view of the

fact that he has failed to avail himself of it by properly pleading estoppel.

Therefore, we come to the important question in this case: Did the York Insurance Agency have any money on hand on March 1, 1932, belonging to appellee? Appellant's policy was issued February 25, 1932, and the record shows only one payment by appellee subsequent to that date, that of $100 on March 1, 1932, which it admits constituted a valid payment on the premium, but appellant contends that the York Insurance Agency used a credit of $113.46 from the Phenix Insurance Company as part payment of the premium on its policy and that the record shows no evidence that the Phenix Insurance Company ever returned the money to the York Insurance Agency for delivery to appellee. It does not dispute that a payment of $186.44 was made January 14, 1932, and that said payment was made on a policy issued by another company, but there is no evidence, it contends, that said sum was returned by such other insurance company to the York Insurance Agency for delivery to appellee. The record, however, does show that a credit memorandum was issued for this amount. Appellant further maintains that it appointed the York Insurance Agency to write insurance policies and do other duties connected therewith, but did not appoint such agency to act as a bank for the funds of appellee or as a collection agency for money due appellee from other insurance companies, and denies that such agency had money in its hands belonging to appellee at the time the receipt was issued.

Citation is made in appellee's brief of the case of the *Phoenix Ins. Co. v. Meier,* 28 Neb. 124, wherein it was held: "When an insurance agent, who has authority to issue policies of insurance, * * * agrees with the assured to deduct the premium out of money then in his possession belonging to the assured and apply it on the payment of the premium, such an agreement is a receipt of the premium, and the company issuing the policy will be bound thereby."

There is nothing in the record to sustain appellant's contention that the only amount that could be credited to the payment of the premium due on its policy was the sum of $100, paid by appellee by check March 1, 1932. The general agency of the York Insurance Agency is admitted. The credit to appellee with such agency existing at the time of the issuance of appellant's policy on February 25, 1932, was $186.44, which may have been paid to some other insurance company in the transaction of the general business of the agency, but which credit was due plaintiff and no part of which he received back, but which money he desired to have credited to the payment of insurance premiums on his trucks and trailers. There is nothing in the record to challenge the fact that this money or money of like character was not in existence to be paid in appellee's behalf for insurance premiums. The refund from the Phenix Insurance Company of $113.46 has been challenged by appellant as not having been returned to the York Insurance Agency on account of the moratorium issued by such company, but the record does disclose that $113.46 was credited to the York Insurance Agency's account and that that agency in turn credited appellee's account with it.

The trial court found from all the evidence that there was enough money in the possession of the York Insurance Agency from other insurance companies to the credit of appellee, together with the check of $100 paid by appellee to such agency, to pay the premium in full due on the policy of appellant and for which appellee received a receipt in full of such payment on March 1, 1932.

We believe that the principle adopted in the case of *Phoenix Ins. Co. v. Meier, supra,* is controlling, and that the judgment of the lower court should be and is hereby

AFFIRMED.